IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR | : : : : | CIVIL ACTION |
| v. | : : | NO. 20-4308 |
| TRIMED HEALTHCARE, LLC, BEVERLY JORDAN | : : : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                                   August 8, 2022

      The United States Secretary of Labor sued an in-home healthcare services company for failing to appropriately calculate and pay overtime for workers caring for patients in the patients' homes. The employer adjusted the calculated hours to allegedly avoid paying time-and-a-half consistent with Congress's mandate in the Fair Labor Standards Act. The employer and its owner concede their error but blame their conduct on reliance on the advice of counsel and after contacting Pennsylvania's Office of Long-Term Living. The employer's owner is a certified public accountant and would seem to know better. But we cannot make this decision as a matter of law at this stage. Our jury must decide whether the employer and its owner appreciated the legality of their pay structure or showed reckless disregard about its illegality. We grant the Secretary of Labor's Motion for summary judgment as to the uncontested claims, but the jury must decide the willfulness of the employer, the Secretary's entitlement to liquidated damages, and the correctness of the Secretary's $1,934,769.70 back wages demand; and we must then decide the appropriateness and scope of the requested injunctive relief.

I.  **Undisputed Facts**

TriMED Healthcare, LLC provides in-home healthcare services.[1] Certified public accountant Beverly Jordan owns and manages TriMED.[2] Ms. Jordan "set[s] pay rates, promulgat[es] work rules and assignments, and maintain[s] employee compensation and timekeeping records."[3]

TriMED employs "direct care workers" who care for patients in patients' homes.[4] Congress once exempted homecare workers like TriMED's from the requirements of the Fair Labor Standards Act, through which Congress requires employers to pay employees time-and-a-half their regular rates for weekly hours worked in excess of forty.[5] Because of the exemption, TriMED used to pay direct care workers a flat hourly rate regardless of how many hours they worked weekly.[6] Ms. Jordan discovered Congress stopped exempting home care workers from the Act in November 2015.[7] TriMED and Ms. Jordan understood they needed to pay employees time-and-a-half their regular rates for overtime due to the non-exemption.[8]

TriMED implemented a new pay structure in 2015.[9] TriMED continued paying employees their regular rates when they did not work more than forty hours per week.[10] But when employees worked more than forty hours in a workweek, TriMED lowered the employee's regular rate for that workweek, then paid the employee time-and-a-half of the lowered rate for the hours worked over forty.[11] This resulted in the employee making the same gross hourly rate every week irrespective of whether they worked overtime.

As applied to an employee working a 48.5-hour workweek, the pay structure operated as:

| Old Calculation | Hours | Old rate | Gross Pay |
|---|---|---|---|
| | 48.50 | $10.00 | **$485.00** |
| | | | |
| New Calculation | Hours | New Rate | Gross Pay |
| | 40 | $9.19 | $367.77 |
| | 8.5 | $13.79 | $117.23 |
| | | | **$485.00** |

Secretary of the Department of Labor Martin J. Walsh sues TriMED for violating the Act.[12] Secretary Walsh seeks backpay and liquidated damages for TriMED's employees and an injunction prohibiting TriMED from violating the Act again.

**II.    Analysis**

Secretary Walsh moves for summary judgment.[13] Secretary Walsh seeks summary judgment on eight issues: (1) the Act covers TriMED's employees, (2) Ms. Jordan is an "employer" under the Act, (3) TriMED and Ms. Jordan violated the Act by failing to pay its employees time-and-a-half their regular rate for overtime hours and failing to pay employees for compensable travel time; (4) TriMED and Ms. Jordan violated 29 U.S.C. § 211(c) by failing to maintain and preserve accurate employee records; (5) TriMED and Ms. Jordan willfully violated the Act; (6) TriMED and Ms. Jordan owe $1,934,769.70 in back wages; (7) TriMED and Ms. Jordan owe the same amount in liquidated damages; and (8) we should enjoin TriMED and Ms. Jordan from violating the Act again.[14] TriMED and Ms. Jordan concede the first three issues.[15] They are silent on the fourth issue. They contest the remaining four issues.[16]

We grant partial summary judgment to Secretary Walsh on his claims the Act covers TriMED's employees, Ms. Jordan is an "employer" under the Act, TriMED and Ms. Jordan violated the Act by failing to pay overtime and compensable travel time, and TriMED and Ms.

3

Jordan failed to maintain and preserve accurate employee records. We deny summary judgment on the remaining issues because genuine disputes of material fact require trial.

A. **We grant partial summary judgment to Secretary Walsh on his claims the Act covers TriMED's employees, Ms. Jordan is an "employer" under the Act, TriMED and Ms. Jordan violated the Act by failing to pay overtime and compensable travel time, and TriMED and Ms. Jordan failed to maintain and preserve accurate employee records.**

Congress in the Act requires employers pay employees "at a rate not less than one and one-half times the regular rate at which he is employed" for hours worked in excess of forty in a workweek.[17] An "employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee."[18] An "employee" is "any individual employed by an employer."[19]

TriMED and Ms. Jordan concede the Act covers its employees, Ms. Jordan is an "employer" under the act, and they failed to pay employees for overtime and compensable travel time. TriMED and Ms. Jordan's concession requires we grant summary judgment to Secretary Walsh on these issues.[20]

Secretary Walsh's claim TriMED and Ms. Jordan failed to maintain and preserve accurate employee records under section 211(c) requires more analysis. While TriMED and Ms. Jordan affirmatively concede other issues, they merely do not respond to Secretary Walsh's section 211(c) claim. Secretary Walsh argues TriMED and Ms. Jordan's non-response alone warrants summary judgment.[21] Not so. When a party "fails to properly address another party's assertion of fact," we may grant summary judgment "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."[22] In other words, we cannot grant summary judgment based simply on a nonmovant's failure to contest an issue.[23] We may grant summary judgment only after determining "the facts specified in or in connection with the motion entitle the moving party to judgment as a matter of law."[24]

4

We nonetheless grant partial summary judgment to Secretary Walsh on his claim TriMED and Ms. Jordan violated section 211(c). Congress in section 211(c) requires an employer to "make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records" for at least three years.[25] The records must at least include the hours worked each workday and total hours worked each workweek.[26] The Department of Labor directs "[t]ime spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked."[27]

TriMED and Ms. Jordan admit they failed to keep accurate records of employees' travel time.[28] TriMED and Ms. Jordan concede "[f]ull liability as to" Secretary Jordan's claim they failed to pay for travel time. Because travel time must be counted as hours worked, TriMED and Ms. Jordan needed to maintain records of such time. TriMED and Ms. Jordan admit they failed to do so. We grant summary judgment to Secretary Walsh on his claim TriMED and Ms. Jordan violated section 211(c) of the Act.[29]

> **B. We deny summary judgment regarding TriMED and Ms. Jordan's willfulness, Secretary Walsh's entitlement to liquidated damages, the amount of back wages TriMED and Ms. Jordan owe, and the appropriateness of injunctive relief.**

We find genuine disputes of material fact and deny summary judgment regarding the remaining four issues: (1) whether TriMED and Ms. Jordan willfully violated the Act; (2) whether Secretary Walsh is entitled to liquidated damages; (3) the amount of back wages TriMED and Ms. Jordan owe; and (4) the appropriateness of injunctive relief.

> **1. Genuine disputes of material fact preclude summary judgment regarding TriMED and Ms. Jordan's willfulness.**

The statute of limitations for claims under the Act is two years, but a plaintiff may seek a third year of damages if it proves the employer "willful[ly]" violated the Act.[30] An employer

5

willfully violates the Act if it "knew it was violating the [Act] or acted in reckless disregard of whether it was violating the [Act]."[31] "[D]isregard for the [Act] and an indifference to its requirements" may establish willfulness.[32] "Whether a violation of the [Act] is willful is a question of fact."[33] "[A]n employer has not willfully violated the [Act] if it acts reasonably in determining its legal obligation."[34] Courts deny offensive summary judgment motions regarding willfulness where evidence suggests the employer attempted in good faith to ascertain its obligations under the Act.[35]

Genuine disputes of material fact as to TriMED and Ms. Jordan's willfulness preclude summary judgment on the issue of willfulness. Ms. Jordan's deposition testimony creates a fact dispute regarding the sufficiency of her efforts to ascertain the Act's requirements. Ms. Jordan swore she implemented TriMED's pay structure "on the advice of counsel" and after having contacted Pennsylvania's Office of Long-Term Living.[36] Ms. Jordan swore "we wanted [the employees] to know we weren't trying to cheat them. We were trying to keep them whole while at the same time complying" with the Act.[37] Ms. Jordan swore TriMED contacted its "peers in the industry" and other professionals while deciding how to comply with the Act.[38] For example, she swore she thought Janet Hess, an official from Long-Term Living, approved her pay structure.[39] She swore an attorney named Marlene Fleming who "specialized in labor law" told her she could create a "negotiated rate" which fluctuated based on how often the employee worked.[40] An accountant named Karen Alexander also told Ms. Jordan a fluctuating pay system "was in compliance" with the Act.[41] Ms. Jordan swore attorneys from the firm Michelman and Bricker told her "all along" she "was doing the right thing."[42] Ms. Jordan did not know of "any employee complaining about not receiving overtime pay."[43] The Department of Labor began investigating TriMED for failing to pay its employees time-and-a-half their regular rates. Ms. Jordan then

6

discovered her pay structure did not comply with Act regulations.[44] She then changed her payroll practices.

We recognize it seems unlikely a certified public accountant like Ms. Jordan could have thought her pay structure passed Act muster; indeed, a pay structure using "artificial regular rate[s]" to avoid overtime payments is "obviously inconsistent with the statutory purpose" of the Act.[45] But it is not so unlikely as to extinguish genuine disputes of material fact. We must remember we approach the facts with the benefit of summary judgment briefs and legal education. A jury must decide whether Ms. Jordan appreciated her pay structure's illegality or showed reckless disregard about it.

Secretary Walsh argues we must disregard Ms. Jordan's deposition testimony because it is "self-serving."[46] We disagree. Secretary Walsh misconstrues a non-precedential decision of our Court of Appeals where it mentioned "self-serving deposition testimony is insufficient to raise a genuine issue of material fact."[47] Our Court of Appeals simply found contrary record evidence overwhelmed the plaintiff's deposition testimony, making it "self-serving."[48] Our Court of Appeals did not suggest deposition testimony is always "self-serving" and irrelevant simply because it favors the nonmovant. We will not usurp the jury's fact-finding role by judging Ms. Jordan's credibility from a deposition transcript.

Secretary Walsh argues we should disregard Ms. Jordan's testimony because it contains inadmissible hearsay about what professionals said. We again disagree. Hearsay is an out-of-court statement offered for "the truth of the matter asserted in the statement."[49] TriMED and Ms. Jordan do not offer the statements of other professionals to prove the truth of the matters in the statements. TriMED and Ms. Jordan offer the out-of-court statements to prove their effect on Ms. Jordan.[50] They offer the evidence to prove Ms. Jordan *thought* she complied with the Act, not to prove Ms.

7

Jordan *did* comply with the Act. Indeed, TriMED and Ms. Jordan concede the falsity of the advice Ms. Jordan received.

Secretary Walsh argues courts "routinely" find willfulness on summary judgment. But the cases Secretary Walsh cites involved employers obviously culpable based on the summary judgment record.[51] The cases at least involve previous Act violations which the employer failed to remedy. Here, the record suggests Ms. Beverly changed her pay structure to comply with the Act after the Department of Labor's first investigation. Secretary Walsh's cases are inapposite.

### 2. Genuine disputes of material fact preclude summary judgment regarding liquidated damages.

We also deny summary judgment on Secretary Walsh's entitlement to liquidated damages. "An employer who violates the provisions of the [Act] 'shall be liable' for liquidated damages."[52] But the "employer can escape this liability if it shows its actions were 'in good faith and that [it] had reasonable grounds for believing that [its] act or omission was not a violation' of the [Act]."[53] "To carry its burden of establishing good faith, an employer must first show that it 'took affirmative steps to ascertain the Act's requirements, but nonetheless, violated its provisions.'"[54] "[T]he reasonableness requirement requires that the employer had reasonable grounds for believing it was in compliance."[55]

Genuine disputes of material fact exist as to both elements. As we described in denying summary judgment as to willfulness, Ms. Jordan swore she took affirmative steps to ascertain the Act's requirements by contacting officials, attorneys, and accountants. And genuine disputes of material fact exist as to whether Ms. Jordan reasonably believed her pay structure complied with the Act based on the professionals' advice.[56]

**3. Genuine disputes of material fact preclude summary judgment regarding the amount of back wages owed.**

Secretary Walsh seeks $1,934,769.70 in back wages. Employers who violate the Act are liable for "their unpaid overtime compensation."[57] But we cannot calculate the amount of back wages owed on this record because genuine disputes of material fact exist as to TriMED and Ms. Jordan's willfulness. Secretary Walsh claims damages from 2016 through 2019. Damages for 2016 through 2017 are available only if TriMED and Ms. Jordan acted willfully.

The evidence Secretary Walsh submitted regarding back wages does not explain how much of the $1,934,769.70 figure comes from 2016 to 2017. So we cannot calculate how much of the claimed back wages are attributable to TriMED and Ms. Jordan's conduct in 2017 through 2019, for which they concede liability.[58] We will need to review this evidence at trial unless the parties can stipulate to the amount.

**4. Genuine disputes of material fact preclude injunctive relief at this stage.**

We enjoy discretion to enjoin violations of the Act.[59] "In deciding whether to grant an injunction, courts consider (1) the employer's past conduct; (2) the employer's current conduct; and (3) most importantly, whether the employer can be counted on to comply with the [Act] in the future."[60] Genuine disputes of material fact preclude injunctive relief at this stage. We cannot evaluate TriMED and Ms. Jordan's current conduct or whether they will violate the Act in the future without factual findings.[61] We defer a decision on injunctive relief until we have the benefit of factual findings.

**III. Conclusion**

We grant in part and deny in part the Secretary's Motion for summary judgment. TriMED and Ms. Jordan concede the Fair Labor Standards Act covers their employees, Ms. Jordan is an employer, TriMED and Ms. Jordan violated the Act by failing to pay overtime and compensable

travel time, and they failed to maintain and preserve accurate employee records. We grant partial summary judgment on these issues.

But we cannot enter judgment as a matter of law as genuine disputes of material fact exist as to TriMED and Ms. Jordan's willfulness, Secretary Walsh's entitlement to liquidated damages, a calculation of back wages, and the appropriateness and scope of injunctive relief.

---

[1] Pl.'s Statement of Undisputed Material Facts ("Pl.'s SUMF") ¶ 3 (ECF Doc. No. 25-1). We cite only to undisputed facts in SUMFs unless we note otherwise.

[2] *Id.* ¶¶ 14, 17.

[3] *Id.* ¶ 19.

[4] *Id.* ¶¶ 6, 12.

[5] *Id.* ¶ 26; *see also* 29 U.S.C. § 207(a)(1).

[6] Pl.'s SUMF ¶¶ 24–25.

[7] *Id.* ¶¶ 26–28.

[8] *Id.* ¶¶ 28, 35.

[9] *Id.* ¶ 36.

[10] *Id.* ¶ 47.

[11] *Id.* ¶¶ 40–41.

[12] ECF Doc. No. 1.

[13] ECF Doc. No. 25. Summary judgment is proper when "the movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts are those 'that could affect the outcome' of the proceeding, and 'a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (quoting *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011)). "Summary judgment is appropriate only if, after drawing all reasonable inferences in favor of the non-moving party, there exists 'no genuine dispute as to any material fact' and the movant 'is entitled to judgment as a matter of law.'" *Moyer v. Patenaude & Felix, A.P.C.*, 991 F.3d 466, 469 (3d Cir. 2021) (quoting *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 770 (3d Cir. 2018)). We do not weigh evidence or make credibility determinations. *Peroza-Benitez v. Smith*, 994 F.3d 157, 164 (3d Cir. 2021) (quoting *Baloga v. Pittston Area Sch. Dist.*, 927 F.3d 742, 752 (3d Cir. 2019)).

---

"The party seeking summary judgment 'has the burden of demonstrating that the evidentiary record presents no genuine issue of material fact.'" *Parkell v. Danberg*, 833 F.3d 313, 323 (3d Cir. 2016) (quoting *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015)). If the movant carries its burden, "the nonmoving party must identify facts in the record that would enable them to make a sufficient showing on essential elements of their case for which they have the burden of proof." *Willis*, 808 F.3d at 643 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "If, after adequate time for discovery, the nonmoving party has not met its burden, pursuant to Federal Rule of Civil Procedure 56, the court must enter summary judgment against the nonmoving party." *Id.* (citing *Celotex*, 477 U.S. at 322–23).

[14] ECF Doc. No. 25-2 at 6–7.

[15] ECF Doc. No. 26 at 7.

[16] *Id.* at 7–28.

[17] 29 U.S.C. § 207(a)(1).

[18] 29 U.S.C. § 203(d).

[19] 29 U.S.C. § 203(e)(1).

[20] *See, e.g.*, *In re Cendant Corp. Sec. Litig.*, 109 F. Supp. 2d 225, 229 (D.N.J. 2000) (granting offensive summary judgment motion where defendant did not dispute liability or damages amount); *see also Binder Mach. Co. v. Square D Co.*, No. 09-6379, 2012 WL 1435480, at *2 (D.N.J. Apr. 25, 2012) (granting defensive summary judgment motion after plaintiff conceded a claim lacked merit). If we have misconstrued TriMED and Ms. Jordan's concessions, they should notify us during this Friday's status conference. *See Binder*, 2012 WL 1435480, at *2 n.2.

[21] ECF Doc. No. 29 at 2.

[22] Fed. R. Civ. P. 56(e)(3).

[23] *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev.*, 922 F.2d 168, 175 (3d Cir. 1990) (nonmovant's silence insufficient to grant summary judgment; summary judgment must also be "appropriate" under former but still-applicable version of Rule 56).

[24] *Id.*

[25] 29 U.S.C. § 211(c); *see also* 29 C.F.R. § 516.5 (establishing three-year preservation requirement).

[26] 29 C.F.R. § 516.2(a)(7).

[27] 29 C.F.R. § 785.38; *see also, e.g.*, *Bowe v. Enviro Pro Basement Sys.*, No. 2099, 2015 WL 9308236, at *3 (D.N.J. Dec. 22, 2015) (employees entitled to receive compensation under Act for time spent traveling from office to customer's home).

---

[28] Pl.'s SUMF ¶ 78; Def.'s Resp. to Pl.'s SUMF (ECF Doc. No. 26-1) ¶ 78 (admitting TriMED and Secretary Walsh did not maintain accurate records "through 2019").

[29] Secretary Walsh also argues TriMED and Ms. Jordan violated section 211(c) by failing to accurately record their employees' regular rates. We need not address this argument because TriMED and Ms. Jordan's failure to maintain accurate travel records suffices to violate section 211(c).

[30] 29 U.S.C. § 255(a).

[31] *Pignataro v. Port Auth. of N.Y. & N.J.*, 593 F.3d 265, 273 (3d Cir. 2010) (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

[32] *Martin v. Selker Bros.*, 949 F.2d 1286, 1296 (3d Cir. 1991) (quoting *McLaughlin*, 486 U.S. at 127).

[33] *Pignataro*, 593 F.3d at 273.

[34] *Id.*

[35] *See, e.g., id.* at 273 (where employer relied on "discussions with and 'extensive research' by the law department" in exempting employees from the Act's requirements, it did not act willfully); *Babin v. Plaquemines Par.*, 421 F. Supp. 3d 391, 396 (E.D. La. 2019) ("[C]onsulting with an attorney about whether a compensation plan complies with the [Act] may preclude a finding of willfulness."); *Rosario v. Mis Hijos Deli Corp.*, No. 15-6049, 2018 WL 4636822, at *8 (S.D.N.Y. Sept. 27, 2018) ("Because an employer who acts to determine its legal obligations under the [Act] in a non-reckless manner does not willfully violate the [Act], employers may preclude a finding of willfulness if they demonstrate that they consulted with an attorney or accountant who advised them that the practice in question was lawful."); *McCoy v. N. Slope Borough*, No. 13-64, 2013 WL 4510780, at *15 (D. Alaska Aug. 26, 2013) (following *Pignataro* and denying motion for summary judgment on willfulness where employer "relied on the opinion of its legal counsel" in exempting employees from Act).

[36] ECF Doc. No. 26-3 at 16 (Jordan Dep. at 56:8–21).

[37] *Id.* at 29 (Jordan Dep. at 106:6–9).

[38] *Id.* at 52–53 (Jordan Dep. at 198:21–205:3).

[39] *Id.* at 52 (Jordan Dep. at 199:21–200:6).

[40] *Id.* at 53, 58 (Jordan Dep. at 202:3–204:27; 222:17–223:4).

[41] *Id.* at 58–59 (Jordan Dep. at 225:17–227:17).

[42] *Id.* at 61 (Jordan. Dep. at 234:10–235:2).

[43] *Id.* at 44 (Jordan Dep. at 169:9–17).

---

[44] *Id.* at 61 (Jordan Dep. at 236:9–22).

[45] *Walling v. Helmerich & Payne*, 323 U.S. 37, 40–42 (1944).

[46] ECF Doc. No. 29 at 12–13.

[47] *Irving v. Chester Water Auth.*, 439 F. App'x 125, 127 (3d Cir. 2011).

[48] *Id.*

[49] Fed. R. Evid. 801(c).

[50] *See* ECF Doc. No. 32 at 5 (TriMED and Ms. Jordan explaining proffer).

[51] *See Walsh v. Fusion Japanese Steakhouse, Inc.*, 548 F. Supp. 3d 513, 528 (W.D. Pa. 2021) (Department of Labor investigated employee three previous times; each time, the Department discovered the same Act violations); *Scalia v. Shalimar Distributors LLC*, No. 18-01642, 2020 WL 4335020, at *5 (M.D. Pa. July 28, 2020) (Department of Labor informed employer about violations; nonetheless, employer "continued to discard timesheets, otherwise keep inaccurate records, and failed to pay required minimum wage and overtime"); *Acosta v. Cent. Laundry, Inc.*, No. 18-190, 2019 WL 3413514, at *8 (E.D. Pa. July 29, 2019) (court already determined willfulness in previous matter); *Solis v. A-1 Mortg. Corp.*, 934 F. Supp. 2d 778, 810 (W.D. Pa. 2013) (employer with history of Act violations directed employees to lie to Department of Labor about pay and manipulate time sheets).

[52] *Brock v. Claridge Hotel & Casino*, 846 F.2d 180, 187 (3d Cir. 1988) (quoting 29 U.S.C. § 216(b)).

[53] *Id.* (alterations in original) (quoting 29 U.S.C. § 260).

[54] *Pizzella v. Empire Diner*, No. 18-4663, 2021 WL 1649517, at *9 (E.D. Pa. Apr. 27, 2021) (quoting *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 908 (3d Cir. 1991)).

[55] *Id.* at *9 (internal quotations omitted).

[56] *See, e.g.*, *Perez v. Mountaire Farms, Inc.*, 650 F.3d 350, 375–76 (4th Cir. 2011) (affirming district court's denial of liquidated damages where the employer presented evidence it reasonably relied on legal advice to implement pay structure).

[57] 29 U.S.C. § 216(b).

[58] *See, e.g.*, *Pizzella*, 2021 WL 1649517, at *8 (Judge Robreno denying summary judgment regarding back wages because he also denied summary judgment as to willfulness).

[59] 29 U.S.C. § 217.

[60] *Pizzella*, 2021 WL 1649517, at *8 (cleaned up).

[61] *Id.* at *10 (denying prospective injunctive relief at summary judgment before holding a hearing).